IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| KIMBERLY K. SISIA, individually and on behalf of others similarly situated, | ) ) ) | |
| | ) | CLASS ACTION |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | NO._____ |
| | ) | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | ) ) ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT – CLASS ACTION

Plaintiff, Kimberly K. Sisia, individually and on behalf of other similarly situated State Farm insureds, by and through her undersigned attorney, having finally confirmed that there are no outstanding costs to be paid in the State Court of Cobb County, submits this renewal Complaint, and states the following claims for relief:

## NATURE OF THE ACTION

### 1.

The Class Action Fairness Act of 2005, Public Law 109-2, 199th Congress, 28 U.S.C. § 1711, *et seq.,* provides, "[C]lass action lawsuits are an important and valuable part of the legal system when they present the fair and efficient resolution

of legitimate claims of numerous parties by allowing the claims to be aggregated into a single action against a defendant that has allegedly caused harm." In this action, Plaintiff contends that she, and the class of State Farm Mutual Automobile Insurance Company ("State Farm") insureds she proposes to represent, have suffered the same harm from the same unlawful practice of State Farm in administering medical payments insurance coverage under a common section of its standard automobile liability insurance policy.

2.

Plaintiff brings this Class Action Complaint to address the unlawful practice of State Farm to deny contractual medical payments insurance coverage for payment of medical expenses incurred by its insureds to treat bodily injuries caused by automobile accidents on the basis that the medical expenses incurred by its insureds are not, according to State Farm, "reasonable medical expenses. . ." for "necessary medical, surgical …" and other covered services or devices, as provided by the medical payments coverage provisions contained in the State Farm automobile insurance policies which provided them coverage. The controlling issue is one of law – whether the term "reasonable medical expenses" is ambiguous, and thus must be construed strictly against State Farm and in favor of coverage?

3.

According to State Farm, medical payments coverage helps pay medical and funeral expenses when a covered person, including the policyholder, passengers, or a member of the policyholder's family, incurs those expenses to treat bodily injury sustained in an automobile accident, no matter who is responsible. State Farm employs that same language to advertise its medical payments coverage.

4.

On May 19, 2009, Plaintiff sustained physical injuries in a motor vehicle collision in Fulton County, Georgia. Plaintiff's car was struck from behind by another vehicle.

5.

Plaintiff obtained chiropractic and physical therapy care following the rear end collision.  Plaintiff submitted a claim to State Farm for medical payments insurance coverage, pursuant to the terms of the State Farm automobile insurance policy under which she was insured.  After paying a part of the initial charges for chiropractic care, State Farm denied the remainder of Plaintiff's medical payments claim based on its determination that the remaining medical expenses Plaintiff incurred were not "reasonable medical expenses" within the terms of her medical payments coverage.

6.

In Georgia, pursuant to O.C.G.A. § 33-34-2(1), "Medical payment coverage" includes any coverage in which the insurer agrees to reimburse the insured and others for reasonable and necessary medical expenses and funeral expenses incurred as a result of bodily injury or death caused by a motor vehicle accident, without regard to the insured's liability for the accident. Coverage shall be available to the named insured, resident spouse, and any resident relative while occupying the covered motor vehicle, and to any other person legally occupying a covered motor vehicle. Expenses must be incurred for services rendered within three years from the date of the accident; provided, however, that nothing shall prevent an insurer from allowing a longer period of time. Any rule or regulation promulgated which expands or conflicts with this definition shall be null and void."

7.

This action is brought to address whether State Farm took advantage of ambiguous Policy terms to deny medical payments coverage to Plaintiff, and whether it employed and enforced the same ambiguous terms to deny medical payments coverage to other State Farm insureds in Georgia, and perhaps elsewhere, who made claims for such coverage under automobile insurance policies containing the same medical payments coverage provisions, within the

applicable limitations period.

8.

Plaintiff does not know at this time whether State Farm issued medical payments coverage to insureds in states other than Georgia, which contain the same medical payments provisions.  If so, Plaintiff may ask that those insureds also be joined as class members.

## PARTIES, JURISDICTION AND VENUE

9.

Plaintiff is a citizen and resident of the State of Georgia and has been so at all times relevant to this action.

10.

State Farm is a foreign insurance company incorporated under the laws of the State of Illinois, with its principal office located at One State Farm Plaza, Bloomington, Illinois 61710-0001.

11.

State Farm may be served with process through its registered agent in Georgia, Corporation Service Company, 40 Technology Parkway South #300, Norcross, Georgia 30092. Alternatively, State Farm may waive formal service pursuant to Fed. R. Cir. P. 4(d).  A notice requesting a waiver of service has been provided State Farm in accordance with Rule 4(d).

12.

Jurisdiction is proper in the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. § 1332(d)(2)(A).  Upon information and belief, the amount in controversy exceeds far in excess of $5,000,000.00; the class comprises far in excess of 100 or more members;[1] and the proposed class members, including Plaintiff, are citizens of Georgia, and potentially other states different from Illinois, State Farm's state of citizenship.

13.

State Farm regularly transacts business within the Northern District of Georgia, and Plaintiff's individual claim arises out of State Farm's business conducted within the Northern District of Georgia.

14.

Venue is proper in the United States District Court for the Northern District of Georgia.

**PLAINTIFF'S FACTUAL ALLEGATIONS**

15.

The allegations of the foregoing paragraphs are incorporated herein as if fully set forth.

---

[1] According to State Farm's website, State Farm is the "#1 Auto Insurer in the U.S." and has 44 million auto policies in force in the U.S. www.statefarm.com/about-us/company-overview/company-profile/fast-facts (last visited July 21, 2020).  Upon information and belief, a sizable percentage of State Farm auto policies include medical payments coverage.

16.

On May 19, 2009, Plaintiff was injured in a motor vehicle accident in Fulton County, Georgia when the car she was driving was struck from behind by another vehicle.

17.

At the time of her May 19, 2009, rear-end collision, Plaintiff's automobile insurance coverage, State Farm Policy No. 0847-288-11 (the "Policy"), provided $10,000.00 in medical payments insurance coverage in exchange for an additional premium payment. The medical payments coverage provision of the Policy, Section II, states:

> We will pay reasonable medical expenses incurred for bodily injury
> caused by accident for services furnished within three years of the
> date of the accident. These expenses are for necessary medical,
> surgical, X-ray, dental, ambulance, hospital, professional nursing and
> funeral services, eyeglasses, hearing aids, and prosthetic devices.

A true and correct copy of the Policy, including Section II – Medical Payments Coverage, C, is attached hereto as Exhibit "A."

18.

As stated in paragraph 3 above, State Farm advertises that its "Medical Payments Coverage helps pay medical and funeral expenses when a covered

person – the policyholder, passenger or a member of the policyholder's family – is hurt in an automobile accident no matter who is responsible.  Medical Payments coverage is in addition to your auto or homeowner's policy and applies only in states where Medical Payments Coverage is available coverage."

19.

After stating that it will pay "reasonable medical expenses incurred or bodily injury caused by accident...", Section II of the Policy then states, in capital letters, what expenses are not included as "reasonable medical expenses" under the Policy:

REASONABLE MEDICAL EXPENSES DO NOT INCLUDE EXPENSES:

1. FOR  TREATMENT,  SERVICES,  PRODUCTS  OR  PROCEDURES THAT ARE:

    a. EXPERIMENTAL  IN  NATURE  FOR  RESEARCH,  OR  NOT PRIMARILY DESIGNED TO SERVE A MEDICAL PURPOSE; OR

    b. NOT  COMMONLY  AND  CUSTOMARILY  RECOGNIZED THROUGHOUT THE MEDICAL PROFESSION AND WITHIN THE  UNITED  STATES  AS  APPROPRIATE  FOR  THE TREATMENT OF THE **BODILY INJURY;** OR

2. INCURRED FOR:

    a. THE  USE  OF  THERMOGRAPHY  OR  OTHER  RELATED

PROCEDURES OF A SIMILAR NATURE; OR

b. THE PURCHASE OR RENTAL OF EQUIPMENT NOT PRIMARILY DESIGNED TO SERVE A MEDICAL PURPOSE.

We have the right to make or obtain a utilization review of the medical expenses and services to determine if they are reasonable and necessary for the **bodily injury** sustained.

The **bodily injury** must be discovered and treated within one year of the date of the accident. (emphasis in original).

*See* Exhibit "A."

20.

While it is not clear what expenses State Farm considers to be "experimental in nature for research, or not primarily designed to secure a medical purpose," or "not commonly and customarily recognized throughout the medical profession and within the United States as appropriate for the treatment of the bodily injury" which terms are also ambiguous, or "incurred for the use of thermography or other related procedures of a similar nature," or "the purchase of rental of equipment not primarily designed to serve a medical purpose," Plaintiff does not seek to recover any expenses which are specifically and unambiguously excluded from coverage in the subsection of the Policy quoted in Paragraph 19 above.

21.

Following her May 19, 2009 motor vehicle collision, Plaintiff sought and obtained chiropractic care and physical therapy care. Plaintiff incurred medical expenses in the amount of $1,343.00 for chiropractic care provided by Dr. Ann Kosa in Alpharetta, Georgia; $3,510.00 for chiropractic care provided by Fish Family Chiropractic in Roswell, Georgia; and $3,195.00 for physical therapy care provided by Physiotherapy Associates in Atlanta.  State Farm paid $1,254.00 of the charges submitted by Dr. Kosa, but then declined to pay the remaining $89.00 of Dr. Kosa's charges and declined to pay any of the charges submitted by Fish Family Chiropractic or Physiotherapy Associates, on the basis that the expenses were not "reasonable medical expenses" under the terms of the medical payments section of the Policy.

22.

Plaintiff sustained bodily injury within the meaning of the Policy.   State Farm rejected the majority of Plaintiff's medical payments claim and continues to deny her claim on the basis that "the expenses claimed were not reasonable medical expenses incurred as a result of bodily injury caused by accident…, for "necessary medical, surgical . . ." or other enumerated covered services or devices.

23.

On May 14, 2012, Plaintiff filed a Civil Action against State Farm to recover

her medical payments benefits in the State Court of Cobb County, Georgia, Civil Action No.: 12-A-1738-2 (the "State Action").   State Farm answered Plaintiff's Complaint and denied any further medical payments were owing because it had determined that the medical payments Plaintiff claimed were not "reasonable medical expenses," within the terms of her medical payments coverage.

24.

On December 2, 2013, Plaintiff filed in the State Action, a motion to certify her lawsuit against State Farm as a class action on the basis that State Farm had denied medical payments coverage to her on the basis of ambiguous policy terms which must be construed in her favor, and in favor of the class she sought to represent, under the applicable rules of contract construction.   Specifically, Plaintiff claimed that the Policy term, "reasonable medical expenses," under which State Farm denied coverage to Plaintiff, was ambiguous, and because it was ambiguous, had to be construed strictly against State Farm and in favor of coverage.

25.

On August 28, 2014, the State Court of Cobb County denied Plaintiff's motion to certify her case as a class action.   In its Order, the Cobb State Court found that the language of the medical payments provisions of the Policy was consistent with the Georgia statute which provides for medical payments coverage

where "the insurer agrees to reimburse the insured and others for reasonable and necessary medical expenses and funeral expenses incurred as a result of bodily injury or death caused by a motor vehicle accident, without regard to the insured's liability for the accident." Because of the Georgia statute, the Cobb State Court found that the medical payments provisions of the Policy were not illusory or ambiguous.  However, the language of the statute does not render an otherwise ambiguous policy term unambiguous.  The Cobb State Court denied Plaintiff's motion for class certification on the basis that "whether an insured was properly or improperly denied benefits is highly individualized and would involve an investigation into every insured's claim, the applicable policy language, the underlying accidents, the demands, the timeliness surrounding the claims, the state specific laws applicable to medical payment claims, and every insured's medical history." The Cobb State Court overlooked the common, indeed identical legal issues alleged by Plaintiff in her complaint and motion for class certification.  The Cobb State Court failed to acknowledge that Plaintiff's claim, and the prospective claims on behalf of the putative class for medical payments coverage based on identical insurance contracts, that the claims were denied by State Farm using identical, ambiguous Policy language, and that under the applicable rules of contract construction, as opposed to tort law, the contract language employed by State Farm to deny coverage on the basis that the insureds medical expenses were

not, in its view, "reasonable medical expenses," must be construed strictly against State Farm and liberally in favor of coverage. Under the rules of contract construction, therefore, Plaintiff and each member of the proposed class should be entitled to be reimbursed, within the limits of each insured's medical payments coverage, for any covered medical expenses that State Farm denied on the basis that those expenses were not, in State Farm's determination, "reasonable medical expenses."

26.

On March 28, 2017, Plaintiff filed a motion in the State Action requesting that the State Court reconsider its Order denying her motion for class certification and seeking summary judgment. Plaintiff argued that the Court had denied her class action motion by employing an incorrect legal standard. Plaintiff argued that whether her medical expenses for which she claimed coverage were "reasonable medical expenses" within the terms of the Policy was capable of more than one reasonable construction and was thus ambiguous under Georgia law. Plaintiff argued that under the rules of contract construction, therefore, the Medical Payments provision must be construed strictly against State Farm and in favor of coverage. Alternatively, Mrs. Sisia requested that her case be set down for trial.

27.

On February 2, 2021, Plaintiff voluntarily dismissed, without prejudice, her

Complaint in the State Action, pursuant to O.C.G.A. § 9-11-41.  The Cobb State Court had not ruled upon Plaintiff's Motion to Reconsider at the time she voluntarily dismissed the State Action.

## **CLASS ACTION ALLEGATIONS**

28.

The allegations of the foregoing paragraphs are incorporated herein as if fully set forth.

29.

Plaintiff respectfully requests that the Court certify this case as a class action.

30.

Pursuant to LR 23.1(a)(2), Plaintiff states the following class action allegations:

**(a)** The section of Fed. R. Civ. P. 23 which is claimed to authorize maintenance of suit by class action.

A class action as authorized by Fed.R.Civ. 23(b) (3).

**(b)** The size (or approximate size) and definition of the alleged class.

The size of the proposed class is expected to be well over one thousand (1000) State Farm insureds. Pursuant to L.R. 27.1, Plaintiff, as the proposed class representative, shows, as pointed out in Footnote

1, above, that State Farm advertises that it has 44 million automobile insurance policies in place in the United States.  Although Plaintiff does not at this time know the precise number of other State Farm insureds who have been denied the same medical payments coverage by State Farm based upon its' determination that the medical expenses incurred by those insureds were not "reasonable medical expenses" for "necessary medical, surgical" or other covered services, Plaintiff submits that the size of the proposed class will be far greater than that required to maintain a class action. Indeed, the issue addressed in this action may come up in every State Farm car wreck case which does not involve acute or catastrophic injuries, and could be employed by State Farm even in those cases.  Limited discovery will reveal the exact size of the class.

The class is defined as follows:  All State Farm insureds in Georgia, and perhaps insureds in other states to whom State Farm provides or has provided common medical payments insurance coverage, as defined in the Medical Payments Coverage provisions of the Policy, and all third party beneficiaries of such coverage under the terms of the Policy, with respect to whom, within the applicable period of limitations, State Farm has denied medical payments for

medical, surgical, funeral or other covered expenses based upon its determination that the expenses for which coverage was sought, were not "reasonable medical expenses," within the term of the medical payments section of the Policy.

**(c)** The basis of the named Plaintiff's or plaintiffs' claim to be an adequate representative of the class or, if defendants, the basis of the named defendant's or defendants' claim to be an adequate representative of the class.

Plaintiff is an adequate representative of the class because she has sustained the same harm as have the other members of the proposed class, and through intense legal research and investigation, has determined that State Farm is liable to Plaintiff and to other State Farm insureds, as a matter of the law, who have also had their medical payments coverage denied by State Farm on the basis that the expenses they incurred were not, according to State Farm, "reasonable medical expenses." Plaintiff has no known conflict of interest with any member of the proposed class. Plaintiff will adequately represent the class because if Plaintiff is entitled to recover her medical expenses that were denied by State Farm, every other member of the proposed class is, for the same legal reason, also entitled to recover his or her medical expenses that have been denied

by State Farm on the same basis. Plaintiff has no interest that is antagonistic to the interests of the class. Plaintiff's interests in this matter are completely aligned with those of the class. Plaintiff is represented by experienced counsel who has acted as trial counsel in class actions and other complex litigation.

**(d)** The alleged questions of law and fact, which are common among members of the class.

Plaintiff submits that State Farm has knowingly and unlawfully denied medical payments coverage to her and members of the proposed class in Georgia (and perhaps elsewhere) on the same basis, *i.e.,* that the insured's medical expenses were not "reasonable medical expenses" within the pertinent contractual language, to-wit: "We will pay reasonable medical expenses incurred for bodily injury caused by accident, for services furnished within three years of the date of the accident.  These expenses are for necessary medical, surgical, X-ray, dental, ambulance, hospital, professional nursing and funeral services, eyeglasses, hearing aids and prosthetic devices." (Emphasis added.) The issues of law and fact in this action are not only common and typical among Plaintiff and the members of the proposed class, but are identical.

This action is properly maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure in that State Farm has acted or refused to act on grounds applicable to all members of the proposed class, thus making for appropriate relief with respect to the class as a whole. Specifically, State Farm has denied medical payments coverage to Plaintiff and the other members of the class based upon State Farm's subjective determination that the medical expenses claimed by each proposed class member were not "reasonable medical expenses" within the medical payments terms of the Policy. State Farm may likewise unlawfully deny such claims in the future. Because the controlling legal issue is identical for Plaintiff and all class members, a class action is superior to other avenues of relief.

**(e)** The allegations necessary to satisfy the criteria of section (b)(1) or (b)(2) of Fed. R. Civ. P. 23 or to support the finding required by section (b)(3) of Fed. R. Civ. P. 23.

The term "reasonable medical expenses incurred for bodily injury caused by accident . . . for necessary medical, surgical . . ." and other enumerated services is ambiguous. It is capable of more than one reasonable interpretation because reasonable persons may reach

18

different conclusions as to what constitutes a "reasonable medical expense" for "necessary medical" or other covered services. Except to exclude one specific expense, thermography, which is not part of the class definition, the Policy does not define "reasonable medical expenses" for "necessary" covered services; does not specify who will make the determination of what medical or other covered expenses are reasonable, or necessary, and does not contain any objective criteria or methodology for making such a determination. Consequently, the ambiguous policy term "reasonable medical expenses" for "necessary medical, surgical"… or other covered services must be construed in favor of coverage, within the limits of coverage, for each member of the class who has incurred medical expenses for bodily injuries caused by accident, and who has been denied medical payments coverage by State Farm based upon its self-serving determination that those insured's medical expenses were not "reasonable medical expenses" under the terms of the medical payments coverage provision set out in paragraph 17 above.

The requirements of Fed. R. Civ. P 23(b)(3) are satisfied: There are no questions of material fact on the issue of liability that are different among the members of the proposed class.  All have been

denied payments for medical expenses by State Farm on the basis of its ambiguous medical payments coverage provisions. The question of law that controls the determination of this action is the same for each class member: Is the provision employed by State Farm to deny or limit medical payments coverage ambiguous, and if so, must it thus be construed liberally in favor of coverage and strictly against State Farm, under applicable principles of insurance contract construction? Because the Policy term, "We will pay reasonable medical expenses incurred, for bodily injury caused by accident for services furnished within three years of the date of the accident," is ambiguous, it must be construed liberally in favor of the insured, when the term is used by State Farm to deny medical payments coverage. The next sentence in State Farm's medical coverage provision, which states: "[t]hese expenses are for necessary medical, surgical, X-ray, dental, ambulance, hospital, professional nursing and funeral services, eyeglasses, hearing aids and prosthetic devices," renders the medical payments coverage terms doubly ambiguous because reasonable persons may also differ on whether the covered medical or other enumerated expenses are "necessary." A class action is superior to other available methods for the fair and efficient adjudication of this

20

controversy because the legal  issue is the same for all members of this class. The claims of the individual members are so small, because of policy limits on medical payments coverage, that individual actions are economically impractical.   The insured is at a complete disadvantage because State Farm decides whether a medical expense is reasonable, and its insureds cannot financially afford to contest that decision.    State Farm is obviously aware of the economic disadvantage in which it has placed its insureds by its unlawful use of ambiguous terms to deny medical payments coverage to them. A class action will serve the economies of time, effort, and expense, and will allow for the resolution of significant injustices practiced by State Farm.

31.

The class meets the prerequisites for the maintenance of a class action in that:

a)  The class is so numerous that joinder of all members is impracticable;

b)  There are controlling questions of fact and law common, indeed identical, to all members of the class;

c)  The claims of the representative party are typical of the claims of the proposed class because the claims of Plaintiff arise from the same

practice and course of conduct of State Farm in interpreting its medical payments coverage that gives rise to the claims of the other class members, and the claims made on behalf of the proposed Class members are based on precisely the same policy language and legal theories as are the claims of Plaintiff, as the representative party; and

d) The representative party and her attorneys will fairly and adequately protect the interests of the class.  The Class representative has common interests with the Class members and will vigorously prosecute the interests of the class through qualified counsel.

32.

Plaintiff's counsel has considered the issue of notice to the proposed Class members, which would set forth the subject and nature of the instant action.  State Farm's own business records identify the State Farm insureds who have been unlawfully denied medical payments coverage based upon State Farm's determination that the medical expenses for which coverage was sought were not "reasonable medical expenses." Those records can be utilized for providing notice. There exists a clearly ascertainable Class that can be easily determined from State Farm's business records. Indeed, State Farm should be required to identify each of its' insureds who have been denied medical payment coverage on the basis stated herein, and provide appropriate notice to them at its own expense because of its

clear violation of the rules of contract construction in unlawfully denying medical payments coverage to those insureds.

33.

Among the numerous questions of fact and law common to the class are:

a) Whether it is lawful for State Farm to deny or limit medical payments benefits based upon its determination of an ambiguous policy term that the expenses claimed by the insured are not "reasonable medical expenses" for "necessary" medical or other enumerated services incurred as a result of bodily injury caused by accident;

b) Whether State Farm's conduct, if unlawful, has damaged Plaintiff and other Class members by having denied them contractual medical payments coverage;

c) Whether a declaratory judgment should be entered declaring State Farm's conduct unlawful, in the event it is still engaging in the alleged unlawful practice;

d) Whether State Farm should be enjoined from such further unlawful conduct if it is still occurring;

e) In what amount are Plaintiff and the Class members entitled to recover for having been unlawfully denied medical payments benefits, which is a matter of record for each class member maintained by State Farm;

f)  Whether State Farm is liable for other costs, including interest and

attorney fees, as provided by law;

g)  Whether State Farm is liable for punitive damages.

34.

A class action is superior to individualized actions, not only because individual actions are economically unfeasible, a fact well known to State Farm, but because the controlling issue of law is the same for each member of the proposed class.   Was Plaintiff denied payment for otherwise covered medical expenses based upon State Farm's employment of an ambiguous Policy term? If so, when the applicable rules of insurance contract construction are applied to the ambiguous term "reasonable medical expenses" for "necessary medical" or other covered services, is Plaintiff and, therefore, each other class member entitled to recover the medical expenses she or he incurred, within the limits of each insured's coverage, plus legal interest. As a matter of contract law, a determination in favor of the Plaintiff is a determination in favor of each and every other class member.

## **COUNT I:  BREACH OF CONTRACT**

35.

The allegations of the foregoing paragraphs are incorporated herein as if fully set forth.

36.

State Farm breached the terms of the Policy by denying or limiting medical payments claims by its insureds based upon its subjective, self-serving determinations that such claims were not, "reasonable medical expenses" for "necessary medical, surgical" or other covered services or devices incurred as a result of bodily injury caused by an accident.

37.

State Farm is liable to Plaintiff and each member of the class for the amount of medical expenses that have been denied each of them on the basis that their otherwise covered medical expenses were not "reasonable medical expenses" for "necessary medical, surgical" or other covered services, plus legal interest from the dates each insured's claim was denied.

## COUNT II:  BREACH OF PRIVATE DUTY

38.

The allegations of the foregoing paragraphs are incorporated herein as if fully set forth.

39.

O.C.G.A. § 51-1-8 provides: "Private duties may arise from statute or from relations created by contract, express or implied.  The violation of a private duty,

accompanied by damage, shall give a right of action."

40.

The policies State Farm issued to Plaintiff and the other Class members created in State Farm a private duty to pay legitimate claims for medical expenses incurred as a result of bodily injury. If State Farm had an issue with whether the medical, surgical, or other covered expenses submitted for medical payments coverage were reasonable, it had a legal duty under Georgia law to pay the expenses because of the ambiguous nature of its coverage provision, which it drafted.

41.

State Farm breached its private duty by denying or limiting legitimate medical payments claims made by Plaintiff and the other Class member based upon State Farm's subjective and self-serving determinations that such claims were not "reasonable medical expenses" for "necessary medical, surgical" or other covered services incurred as a result of bodily injury caused by accident.

42.

State Farm is liable to Plaintiff and the class for having violated its private duty to act in the interests of its insureds in providing medical payments coverage to them.

## COUNT III: BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

43.

The allegations of the foregoing paragraphs are incorporated herein as if fully set forth.

44.

Under Georgia law, and elsewhere, every contract imposes upon each party, a duty of good faith and fair dealing in the performance of their respective duties and obligations under the contract.

45.

State Farm is liable to Plaintiff and the class for having violated its duty of good faith and fair dealing to act in the interests of its insureds in providing medical payments coverage to them.

46.

State Farm breached its duty of good faith and fair dealing by denying or limiting legitimate medical payments claims made by Plaintiff and the other Class member based upon State Farm's subjective and self-serving determination that such claims were not "reasonable medical expenses" for "necessary medical, surgical" or other covered services incurred as a result of bodily injury caused by accident.

47.

State Farm had a duty to exercise good faith and to deal fairly with Plaintiff and with its other insureds under the medical payments provisions of their respective, applicable State Farm policies by paying its insureds their reasonable medical expenses as provided by the policies.

48.

State Farm, however, breached its duty of good faith and fair dealing by using the ambiguous terms in its medical payments coverage to deny coverage for medical expenses incurred by Plaintiff, and other members of the putative class, for treatment of bodily injuries caused by an automobile accident, which fell within the terms of the medical payments coverage section of the Policy.

49.

Indeed, for State Farm to interpret its medical payments coverage provisions to deny medical payments coverage to its insured based on its determination that the expense was not a reasonable medical expense created a conflict of interest for State Farm, and thus amounted to bad faith.

## **DEMAND FOR RELIEF**

WHEREFORE Plaintiff requests, on behalf of herself and the putative class, that this Court certify this action as a class action pursuant to Rule 23 of the

Federal Rules of Civil Procedure, appoint Plaintiff as Class representative, and appoint the undersigned counsel as counsel for the class.  Plaintiff further requests that judgment be entered in favor of her and the class and against State Farm, including, without limitation, the following:

i.    A judgment rendering State Farm liable to Plaintiff and the class for its unlawful denial of its insureds' medical payments claims on the basis that the expenses incurred were not "reasonable medical expenses;"

ii.    A judgment against State Farm in excess of five million dollars ($5,000,000.00) for the medical expenses it has unlawfully, and in breach of its insurance contract, declined its insureds on the ambiguous basis that their medical and other covered expenses were not "reasonable medical expenses" for bodily injury caused by accident for "necessary medical, surgical" or other covered services or devices;

iii.    Punitive damages in an amount sufficient to punish State Farm and deter it from committing similar acts of wrongdoing in the future;

iv.    Pre and post-judgment interest, applicable fines, penalties, and costs allowed by law;

v.    Any other damages available to Plaintiff and the proposed class which

the evidence may justify;

vi.     For any and all other relief allowed by law or equity, including an award of attorney fees, and such other and further relief as this Court may deem appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff herewith demands a trial by jury as to all issues to which the right to trial by jury is afforded.   However, Plaintiff respectfully submits that the controlling issue in this action is one of law: the term of the medical payments provisions of the applicable policies relating to the payment of medical expenses is ambiguous, see *Regions Hospital v. Shalala*, 522 U.S. 448, 458, 466, 418 S. Ct. 895 (1998) (the phrase "recognized as reasonable" is ambiguous), and must be strictly construed against State Farm and liberally in favor of coverage, thus requiring State Farm, as a matter of law, to reimburse Plaintiff and the proposed class for all of their medical expenses which have been denied by State Farm on the basis of its ambiguous medical payments language.   The issue of liability may be determined by the Court in a single adjudication for all concerned. Remaining issues such as bad faith, punitive damages and other common issues which may arise should be determined by a jury.

Respectfully submitted this 9th day of June 2021.


/s/ *James L. Ford, Sr.*
James L. Ford, Sr.
Georgia Bar No. 268050
***Attorney for Plaintiff***


James Lee Ford, P.C.
2957 Hardman Court, N.E.
Atlanta, Georgia 30305
Email:  *jlf@jlfordlaw.com*
Phone:  (678) 281-8750