IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| KIMBERLY K. SISIA, *individually and on behalf of others similarly situated*, | *<br>*<br>*<br>* | |
| Plaintiff, | *<br>* | |
| v. | *<br>* | 1:21-CV-02376-ELR |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | *<br>*<br>*<br>* | |
| Defendant. | *<br>* | |

_____

**O R D E R**
_____

Presently before the Court is Defendant State Farm Mutual Automobile Insurance Company's "Motion to Dismiss the Complaint" [Doc. 5] and Plaintiff Kimberly K. Sisia's "Motion for Conditional Class Certification." [Doc. 24]. The Court's reasoning and conclusions are set forth below.

**I.     Background**

This action stems from Defendant's purported breach of its insurance contract (the "Policy") with Plaintiff. See Compl. [Doc. 1]. After an alleged car accident on May 19, 2009, Plaintiff submitted a claim to Defendant for medical expenses related to chiropractic treatment and physical therapy. See id. ¶¶ 4, 16–17. Defendant

issued only a partial payment on Plaintiff's insurance claim because it determined that certain medical expenses incurred by Plaintiff were not "reasonable medical expenses" pursuant to the medical payment coverage provision of the Policy—leaving Plaintiff with a deficit of $8,047.00 in submitted claims. See id. ¶¶ 5, 21; [see also Doc. 5-2 ¶ 8]. In sum, Plaintiff alleges that Defendant breached the Policy by "deny[ing] contractual medical payments insurance coverage for payment of medical expenses incurred by its insureds" in violation of the Policy's "ambiguous" medical payments coverage provisions. See id. ¶ 2. As further context for the analysis herein, the Court provides the following factual and procedural history.

### A. State Court Proceedings

On May 14, 2012, Plaintiff filed a complaint in the State Court of Cobb County, Georgia (or the "state court"), and brought a claim for breach of the Policy (the "medical expenses" claim) based on Defendant's alleged failure to pay the full medical [damages/expenses] to which she was entitled pursuant to the Policy. (the "Sisia I" case). [See Docs. 5-5, 5-6]. The medical expenses claim sought recovery for "the amount of her medical expenses . . . plus interest on that amount at the legal rate."[1] [See Doc. 5-3 ¶ 10]. Thereafter, in October 2013, Plaintiff amended her state court complaint to include two (2) new counts: (1) a claim for breach of contract on

---

[1] The Court recognizes Plaintiff's medical expenses claim from Sisia I as a breach of contract claim. See Travelers Ins. Co. v. Blakey, 349 S.E.2d 474, 476 (Ga. App. 1986) (treating claim for recovery of medical expenses based on ambiguity in a disputed policy as a breach of contract claim).

the asserted basis that Defendant's "medical payments policy . . . is illusory" (the "illusory provisions" claim); and (2) a claim for attorney's fees and litigation expenses. [See Doc. 5-6 at 3]. Additionally, within the amended state court complaint, Plaintiff alleged that she also sought relief on behalf of a putative class of similarly situated individuals. [See Doc. 5-4 ¶¶ 23–35]. On November 1, 2013, Defendant filed a motion for summary judgment. [See Doc. 5-5 at 2]. Thereafter, on January 6, 2014, Defendant moved to dismiss Plaintiff's amended state court complaint. [See id. at 6].

Upon review, state court Judge Maria B. Golick considered Plaintiff's claims from both the original and amended state court complaints together. [See Doc. 5-4 at 2]. Thus, by an order dated August 28, 2014 (the "Sisia I Order"), Judge Golick addressed Defendant's dispositive motions as to three (3) claims: (1) the medical expenses claim; (2) the illusory provisions claim; and (3) attorney's fees and litigation expenses. [See id.]

By the Sisia I Order, Judge Golick denied Defendant's motion for summary judgment on Plaintiff's medical expenses claim related to non-payment of her medical expenses, rejecting Defendant's argument that Plaintiff could not recover for breach of contract because the injuries for which Plaintiff sought recovery were caused by a prior automobile accident. [See id.] Contrary to Defendant's assertion, Judge Golick found that "Plaintiff would not necessarily be precluded from seeking

recovery for medical expenses" because Georgia law and the Policy at issue "does not exclude medical expenses for bodily injury caused by the aggravation of a previous injury." [See id.] However, as to all Counts in the amended complaint, Judge Golick granted Defendant's dispositive motions. [See id. at 4–5] (granting Defendant's motion to dismiss, and, "in the alternative," motion for summary judgment).

Thereafter, the case remained pending for more than two (2) years in the state court. [See Doc. 5-5 at 6–9]. On March 28, 2017, Plaintiff filed a motion for reconsideration of the Sisia I Order and moved for summary judgment on the medical expenses claim. [See Docs. 11 at 7; 5-6 at 5]. However, on February 10, 2021—before Judge Golick ruled on Plaintiff's motions—Plaintiff voluntarily dismissed her state court action without prejudice and stated she "reserve[ed] the right to renew the action in a court of proper jurisdiction[] within six (6) months from the date of dismissal[]" pursuant to O.C.G.A. § 9-11-41. [See Docs. 5-7 at 23; 5-5 at 7–9].

### B. Procedural History

After voluntarily dismissing the Sisia I action, Plaintiff filed a Class Action Complaint in this Court on June 9, 2021, alleging three (3) state law claims against Defendant, all of which stem from Defendant's denial of Plaintiff's medical expenses insurance claim: (1) breach of contract, (2) breach of private duty, and (3)

4

breach of the duty of good faith and fair dealing (the "GFFD" claim). See generally Compl. The crux of Plaintiff's Class Action Complaint posits that "State Farm took advantage of ambiguous Policy terms to deny medical payments coverage to Plaintiff" and others similarly situated. See id. ¶ 3. Specifically, Plaintiff contends that "[t]he controlling issue is one of law—whether the term 'reasonable medical expenses' is ambiguous, and thus must be construed strictly against [Defendant] and in favor of coverage[.]" See id. ¶ 2.

Thereafter, on August 9, 2021, Defendant filed a 12(b)(6) motion to dismiss. [See Doc. 5]. On August 23, 2021, Plaintiff moved for an extension of time to respond to Defendant's motion to dismiss through September 6, 2021, which the Court granted. [See Docs. 9, 10]. On September 3, 2021, Plaintiff filed a response to Defendant's motion to dismiss, to which Defendant timely replied on September 17, 2021. [See Docs. 11, 15]. Having been fully briefed, Defendant's motion is now ripe for the Court's review.

## II. Defendant's Motion to Dismiss [Doc. 5]

By its motion, Defendant argues that Plaintiff's Complaint is due to be dismissed for two (2) reasons: first, because it is barred by the doctrine of *res judicata*, and second, because it is barred by the relevant statute of limitations. [See Docs. 5-1 at 8–14]. The Court address each argument in turn.

### A. *Res Judicata*

First, the Court considers the impact of the doctrine of *res judicata* to the matter at bar. In support of dismissal, Defendant argues that the state court adjudicated Plaintiff's instant claims on the merits during the Sisia I action, thereby precluding Plaintiff from asserting them again in this action. [See Docs. 5-1 at 1, 8–14; 15 at 2–7]. In opposition, Plaintiff argues that Judge Golick's Sisia I Order did not resolve her medical expenses claim, and thus, the doctrine of *res judicata* does not preclude her instant claims. [See Doc. 11 at 9–10].

"The doctrine of *res judicata* prevents the re-litigation of all claims which have already been adjudicated, or which could have been adjudicated, between identical parties or their privies in identical causes of action." Humphrey v. JP Morgan Chase Bank, N.A., 787 S.E.2d 303, 307 (Ga. App. 2016) (internal citations and quotations omitted). When "asked to give *res judicata* effect to a state court judgment," a district court "must apply the *res judicata* principles of the law of the state whose decision is set up as a bar to further litigation." See Kizzire v. Baptist Health Sys., 441 F.3d 1306, 1308 (11th Cir. 2006). Accordingly, because Defendant

proffers that the Sisia I Order from the State Court of Cobb County, Georgia bars Plaintiff's claims, the *res judicata* principles of Georgia apply.[2]  See id.

"[A] judgment sought to be used as a basis for the application of the doctrine of *res judicata* must be a final judgment." Anytime Bonding Co. v. State, 491 S.E.2d 399, 400 (Ga. App. 1997).  Pursuant to Georgia law, "finality for preclusion purposes may be measured by the same standard as finality for appealability purposes."  See Cmty. State Bank v. Strong, 651 F.3d 1241, 1265 (11th Cir. 2011) (internal citations omitted and alterations adopted).   Notably, the Georgia Supreme Court has articulated a finer point on the finality and preclusive effect of a judgment that dispenses of fewer than all claims or parties in a suit:

> The entry of *a judgment as to one or more but fewer than all of the claims* or parties is not a final judgment . . . and *lacks res judicata effect* unless the trial court make[s] an express direction for the entry of the final judgment and a determination that no just reason for delaying the finality of the judgment exists.

See Wise v. Ga. State Bd. for Examination, Qualification & Registration of Architects, 260 S.E.2d 477, 478 (Ga. 1979) (emphasis added and internal citations

---

[2] The Court may take judicial notice of the pleadings and order from the Sisia I action.  See Horne v. Potter, 392 F. App'x 800, 802 (11th Cir. 2010) (finding that the district court did not err in taking judicial notice of pleadings and orders from prior related case for *res judicata* purposes because the documents were "not subject to reasonable dispute" and were "capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned") (internal citations omitted); see also FED. R. EVID. 201(b) (evidentiary standard for judicial notice).  The Court's consideration of these materials outside the pleadings does not convert Defendant's motion to dismiss into a motion for summary judgment.  See Horne, 392 F. App'x at 802 (citing Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1278 (11th Cir.1999)).

omitted); see also Cable Holdings of Battlefield, Inc. v. Cooke, 764 F.2d 1466, 1473 (11th Cir. 1985) (reversing district court where it gave preclusive effect to a judgment that left claims unresolved under comparable federal standard for final judgment); Gresham Park Cmty. Org., 652 F.2d 1227, 1242 n.43 (5th Cir. 1981) overruled on other grounds, Wood v. Orange Cnty., 715 F.2d 1543, 1546 (11th Cir. 1983) (recognizing finality rule pursuant to Georgia law).[3]

As discussed above, in the Sisia I Order, Judge Golick addressed three (3) claims in the Sisia I Order: (1) the medical expenses claim from the original state court complaint; (2) the illusory provisions claim; and (3) the claim for attorney's fees. [See Doc. 5-6]. However, upon considering Defendant's dispositive motions on all three (3) of Plaintiff's claims in the Sisia I Order, Judge Golick dispensed of only two (2). [See id. at 3–6]. Thus, Plaintiff's medical expenses claim remained to be adjudicated after the Sisia I Order. [See id. at 2]. Therefore, because Judge Golick because Judge Golick entered judgment on "fewer than all" claims, the Court may only recognize the Sisia I Order as a "final judgment" if Judge Golick "ma[d]e an express direction for the entry of the final judgment and . . . determin[ed] that no just reason for delaying the finality of the judgment exist[ed]." See Wise, 260 S.E.2d

---

[3] Decisions by the former Fifth Circuit issued before October 1, 1981, are binding as precedent in the Eleventh Circuit. See Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

at 478.  Upon review of the Sisia I Order, the Court finds that Judge Golick made no such direction or determination.  [See Doc. 5-6]; see also Wise, 260 S.E.2d at 478.

Thus, the Court concludes that the Sisia I Order was not a final judgment so as to bar Plaintiff's claims in this action pursuant to the doctrine of *res judiciata*. See Wise, 260 S.E.2d at 478; see also Anytime Bonding Co., 491 S.E.2d at 400. Accordingly, the Court denies Defendant's motion to dismiss on this basis.  [See Doc. 5]; see also Wise, 260 S.E.2d at 478.

### B.    Statutes of Limitation

Next, the Court considers Defendant's argument that the applicable statutes of limitations bar Plaintiff's claims.  [See Doc. 5-1 at 22].  Specifically, Defendant proffers that Count I for breach of contract and Count III for GFFD are subject to a six (6)-year statute of limitations pursuant to O.C.G.A. § 9-3-24.  [See id.] Additionally, Defendant contends that Plaintiff's Count II for breach of a private duty, "to the extent [such a claim]. . . exists under Georgia law[,]" carries the two (2)-year statute of limitations for claims sounding in tort, which ran in 2011.  [See id.] (internal citations omitted).  Thus, Defendant asserts that both statutes of limitations have run on Plaintiff's claims.[4]

---

[4] It is unclear from Defendant's briefs exactly when Defendant claims the six (6)-year statute of limitations expired, as Defendant does not provide the date on which it denied Plaintiff's insurance claim for medical expenses. [See Doc. 5-1 at 22–24].  However, the Court notes that the underlying automobile accident in this case occurred on May 19, 2009. See Compl. ¶¶ 4, 16–17

Further, Defendant argues that the Georgia Renewal Statute, O.C.G.A. § 9-2-61(a), does not toll the applicable statutes of limitation in this case because Judge Golick adjudicated the two (2) claims from Plaintiff's amended complaint on the merits in Sisia I. [See id.] In response, Plaintiff maintains that this action constitutes a proper "renewal action." [See Doc. 11 at 2, 5]. Plaintiff also argues that her GFFD claim "is not an[] independent cause of action" and is instead a "part of the contract upon which the action is based[,]" which she asserts exempts this claim from the statute of limitations. [See id. at 22].

"Statutes of limitations establish the period of time within which a claimant must bring an action. As a general matter, a statute of limitations begins to run when the cause of action 'accrues'—that is, when 'the plaintiff can file suit and obtain relief.'" Huster v. J2 Glob. Commun., Inc., 1:14-CV-03304-ELR, 2016 WL 4577041, at *2 (N.D. Ga. Jan. 28, 2016) (internal citation omitted). For each of Plaintiff's claims in the matter at hand, the maximum statute of limitations is six (6) years. See O.C.G.A. § 9-3-24 (mandating a six (6)-year statute of limitations for "[a]ll actions upon simple contracts in writing"). In her May 14, 2012 state court complaint, Plaintiff alleged that Defendant wrongfully denied her claims pursuant to the Policy. [See Doc. 5-3]. Thus, absent any tolling of the statutes of limitations, Plaintiff's claims became time-barred no later than 2018, six (6) years from the date Plaintiff initiated the Sisia I action. [See id.]; see also O.C.G.A. § 9-3-24.

The Georgia Renewal Statute may toll the applicable statute of limitations for previously filed claims. See O.C.G.A. § 9-2-61(a). If a plaintiff initiates a case in state or federal court within the applicable statute of limitations and later "discontinues or dismisses the same," they may refile their case in a Georgia federal or state court "within the original applicable period of limitations or within six (6) months after the discontinuance or dismissal." See id. However, the privilege of renewal is not available when the prior case was "decided on the[]merits[,]" particularly where "there has been an adjudication that dismissal is authorized." See Hobbs v. Arthur, 444 S.E.2d 322, 323 (Ga. 1994); see also Milburn v. Nationwide Ins. Co., 491 S.E.2d 848, 850 (Ga. App. 1997) ("dismissal and renewal does not apply to cases decided on their merits"); Reid v. United States Fid. & Guar. Co., 477 S.E.2d 369, 370 (Ga. App. 1996). "[W]hen a party disregards the requirements clearly stated by [Georgia courts], the harsh result of dismissal can result." Sogade v. Navicent Health, Inc., 5:20-CV-369 (HL), 2021 WL 4391230, at *4 (M.D. Ga. Sept. 24, 2021) (citing Whitesell v. Ga. Power Co., 800 S.E.2d 370, 371 (Ga. App. 2017)).

As the Court noted above, Judge Golick denied Defendant's dispositive motions as to Plaintiff's medical expenses claim." [See Doc. 5-6 at 2]. Thus, Plaintiff's medical expenses claim from her original state court complaint remained pending after the Sisia I Order, until Plaintiff voluntarily dismissed that action. [See

11

id.] Thereafter, on June 9, 2021, Plaintiff filed the instant "renewal action" in this Court. See Compl.; [see also Doc. 5-6]. Accordingly, for Plaintiff's renewal action to be proper, the Complaint must be based on the medical expenses claim that remained pending in the Sisia I action at the time of her voluntary dismissal. See Coen v. Aptean, Inc., 847 S.E.2d 835, 838 (Ga. App. 2020) ("to be a good renewal of an original suit, so as to suspend the running of the statute of limitations under O.C.G.A. § 9-2-61, the new petition must be substantially the same both as to the cause of action and as to the essential parties."); see also Compl.; [Doc. 5-6]. It is axiomatic that Plaintiff may not "renew" a previously adjudicated claim. See Milburn, 491 S.E.2d at 850 ("dismissal and renewal does not apply to cases decided on their merits"); see also Hobbs, 444 S.E.2d at 323.

In the matter at bar, Plaintiff's pending breach of contract claim posits that "[Defendant] took advantage of ambiguous terms of the Policy to deny medical payments coverage to Plaintiff." See Compl. ¶ 3. Moreover, Plaintiff alleges that "[t]he controlling issue is one of law—whether the term 'reasonable medical expenses' is ambiguous, and thus must be construed strictly against [Defendant] and in favor of coverage[.]" See id. ¶ 2. Critically, Plaintiff's illusory provisions claim in her amended complaint from Sisia I made the same allegations:

> "Because the medical expenses covered by the medical payments section of the Policy are of ambiguous or uncertain meaning, the Court must adopt the construction of the Policy which is most favorable to the Plaintiff as the insured person. [] The construction of the policy that

>   most favors State Farm's insureds is one that provides medical payment coverage for all medical expenses provided by licensed healthcare providers . . . up to the limits of each insureds coverage."

[See Doc. 5-4 ¶¶ 18–19]. As discussed earlier, Judge Golick adjudicated the illusory provisions claim in the Sisia I Order. [See Doc. 5-6 at 4]. In contrast, Plaintiff's medical expenses claim (which was not adjudicated by the Sisia I Order) made no mention of the Policy's purportedly "ambiguous" or "illusory" nature. [See Doc. 5-3 ¶ 10].

Because "[d]ismissal and renewal does not apply to cases decided on their merits," it stands to reason that a plaintiff may not use the Georgia Renewal Statute to rehash claims that have already been adjudicated. See Milburn, 491 S.E.2d at 850. Thus, the Court finds that Plaintiff's current breach of contract claim constitutes an attempt to revive the previously adjudicated illusory provisions claim in Sisia I's amended complaint. [See Doc. 5-6 at 4–5]. Therefore, Plaintiff's attempt to use this renewal action to escape the statutes of limitations fails. See Baker v. GOSI Enters., Ltd., 830 S.E.2d 765, 768 (Ga. App. 2019), reconsideration denied (July 16, 2019) ("And it has long been held that the renewal statute is remedial, and to be liberally construed so as to preserve the right to renew the cause of action set out in a previous suit, wherever the same has been disposed of on any ground *other than one affecting the merits.*") (emphasis added and internal citation omitted). Accordingly, the Court finds that Plaintiff's claims are time-barred by the applicable

statutes of limitations and must be dismissed.[5] See Sogade, 2021 WL 4391230, at *4–*6 (dismissing untimely claims not saved by the Georgia Renewal Statute); see also Burns v. Dees, 557 S.E.2d 32, 39–40 (Ga. App. 2001) (affirming trial court's grant of summary judgment on untimely claims not tolled by the Georgia Renewal Statute).[6]

### III. Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant's "Motion to Dismiss the Complaint" [Doc. 5] and **DISMISSES WITH PREJUDICE** this action. Additionally, the Court **DENIES AS MOOT** Plaintiff's "Motion for Conditional Class Certification." [Doc. 24]. Finally, the Court **DIRECTS** the Clerk to close this case.

**SO ORDERED**, this 5th day of January, 2022.

*Eleanor L. Ross*
Eleanor L. Ross
United States District Judge
Northern District of Georgia

---

[5] Because the Court finds that Plaintiff's claims are barred by the statutes of limitations, the undersigned need not reach the Parties' arguments regarding the sufficiency of the Complaint. [See Docs. 5-1 at 14–22; 11 at 17–22].

[6] The Court finds dismissal with prejudice appropriate as Plaintiff's claims are barred by the applicable statutes of limitation. See Geary v. City of Snellville, 205 Fed. Appx. 761, 763 (11th Cir. 2006) (affirming district court's dismissal with prejudice where claims not saved by the Georgia Renewal Statute). Additionally, in light of the above ruling, the Court denies as moot Plaintiff's "Motion for Conditional Class Certification." [Doc. 24].