**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| KIMBERLY K. SISIA, *individually and on behalf of others similarly situated,* | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 1:21-CV-02376-ELR |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

**AMENDED COMPLAINT – CLASS ACTION**

Plaintiff, Kimberly K. Sisia, individually and on behalf of other identically situated State Farm insureds, pursuant to Fed. R. Civ. P. 15(a)(1)(B), by and through her undersigned attorney, submits this amended class action complaint to more accurately allege that under the rules of contract construction governing this action, the medical payments section of the State Farm Mutual Automobile Insurance Policy (the "Policy") at issue is plain and unambiguous, and unequivocally requires State Farm to pay all of Plaintiff's medical expenses incurred as a result of the May 19, 2009 rear end collision in which she was injured, up to the limitation of liability provided by the medical payments section

1

of the Policy.

## NATURE OF THE ACTION

1.

The Class Action Fairness Act of 2005, Public Law 109-2, 199th Congress, 28 U.S.C. § 1711, *et seq.,* provides, "[C]lass action lawsuits are an important and valuable part of the legal system when they present the fair and efficient resolution of legitimate claims of numerous parties by allowing the claims to be aggregated into a single action against a defendant that has allegedly caused harm."  In this action, Plaintiff contends that she, and the class of State Farm Mutual Automobile Insurance Company ("State Farm") insureds she proposes to represent, have suffered the same harm from the same unlawful practice of State Farm in administering medical payments insurance coverage under a common section of the Policy.

2.

Plaintiff brings this Class Action Complaint to address the unlawful practice of State Farm to deny contractual medical payments insurance coverage for payment of medical expenses incurred by its insureds to treat bodily injuries caused by automobile accidents on the basis that the medical expenses incurred by its insureds are not, according to State Farm, "reasonable medical expenses

incurred for bodily injury caused by accident. . . for necessary medical, surgical …" and other covered services or devices, as provided by the medical payments coverage section contained in the same State Farm automobile insurance policies which provided them coverage.

3.

According to State Farm, medical payments coverage helps pay medical and funeral expenses when a covered person, including the policyholder, passengers, or a member of the policyholder's family, incurs those expenses to treat bodily injury sustained in an automobile accident, no matter who is responsible. State Farm employs that same language to advertise its medical payments coverage.

4.

On May 19, 2009, Plaintiff sustained physical injuries in a motor vehicle collision in Fulton County, Georgia when Plaintiff's car was struck from behind by another vehicle.

5.

Plaintiff obtained chiropractic and physical therapy care following the rear end collision. Plaintiff submitted a claim to State Farm for medical payments insurance coverage, pursuant to the terms of the Policy under which she was insured. After paying a part of the initial charges for chiropractic care, State Farm

denied the remainder of Plaintiff's medical payments claim based on its

determination that the remaining medical expenses Plaintiff incurred were not

"reasonable medical expenses incurred for bodily injury caused by accident…"

within the terms of her medical payments coverage in the Policy.

6.

In Georgia, pursuant to O.C.G.A. § 33-34-2(1), "Medical payment

coverage" includes any coverage in which the insurer agrees to reimburse the

insured and others for reasonable and necessary medical expenses and funeral

expenses incurred as a result of bodily injury or death caused by a motor vehicle

accident, without regard to the insured's liability for the accident. Coverage shall

be available to the named insured, resident spouse, and any resident relative while

occupying the covered motor vehicle, and to any other person legally occupying a

covered motor vehicle. Expenses must be incurred for services rendered within

three years from the date of the accident; provided, however, that nothing shall

prevent an insurer from allowing a longer period of time. Any rule or regulation

promulgated which expands or conflicts with this definition shall  be null  and

void."

7.

This action is brought to address whether State Farm acted in violation of

Georgia law by denying medical payments coverage to Plaintiff, and to other State Farm insureds in Georgia, and perhaps elsewhere, who made claims for such coverage under automobile insurance policies containing the same medical payments coverage provisions as in the Policy, within the applicable limitations period.

8.

Plaintiff does not know at this time whether State Farm issued medical payments coverage to insureds in states other than Georgia, which contain the same medical payments provisions. If so, Plaintiff may ask that those insureds also be joined as class members.

**PARTIES, JURISDICTION AND VENUE**

9.

Plaintiff is a citizen and resident of the State of Georgia and has been so at all times relevant to this action.

10.

State Farm is a foreign insurance company incorporated under the laws of the State of Illinois, with its principal office located at One State Farm Plaza, Bloomington, Illinois 61710-0001.

11.

State Farm has accepted service of Plaintiff's original complaint pursuant to Fed. R. Civ. P. 4(d) and has filed a Motion to Dismiss that complaint pursuant to Fed. R. Civ. P. 12(b)(6).  The amendments stated herein do not affect that motion.

12.

Jurisdiction is proper in the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. § 1332(d)(2)(A). Upon information and belief, the amount in controversy exceeds far in excess of $5,000,000.00; the class comprises far in excess of 100 or more members;[1] and the proposed  class members, including Plaintiff, are citizens of Georgia, and potentially other states different from Illinois, State Farm's state of citizenship.

13.

State Farm regularly transacts business within the Northern District of Georgia, and Plaintiff's individual claim arises out of State Farm's business conducted within the Northern District of Georgia.

---

[1] According to State Farm's website, State Farm is the "#1 Auto Insurer in the U.S." and has 44 million auto policies in force in the U.S. www.statefarm.com/about-us/company-overview/company-profile/fast-facts (last visited July 21, 2020). Upon information and belief, a sizable percentage of State Farm auto policies include medical payments coverage.

14.

Venue is proper in the United States District Court for the Northern District of Georgia.

## PLAINTIFF'S FACTUAL ALLEGATIONS

15.

The allegations of the foregoing paragraphs are incorporated herein as if fully set forth.

16.

On May 19, 2009, Plaintiff was injured in a motor vehicle accident in Fulton County, Georgia when the car she was driving was struck from behind by another vehicle.

17.

At the time of her May 19, 2009 rear-end collision, Plaintiff's automobile insurance coverage, State Farm Policy No. 0847-288-11 (the "Policy"), provided $10,000.00 in medical payments insurance coverage in exchange for an additional premium payment. The medical payments coverage provision of the Policy, Section II,  states:

*We will pay reasonable medical expenses incurred for bodily injury caused by accident  for services furnished within three years of the*

7

*date of the accident. These expenses are for necessary medical, surgical, X- ray, dental, ambulance, hospital, professional nursing and funeral services, eyeglasses, hearing aids, and prosthetic devices.*

A true and correct copy of the Policy, including Section II – Medical Payments Coverage, C, is attached hereto as Exhibit "A."

18.

As stated in paragraph 3 above, State Farm advertises that its "Medical Payments Coverage helps pay medical and funeral expenses when a covered person – the policyholder, passenger or a member of the policyholder's family – is hurt in an automobile accident no matter who is responsible. Medical Payments coverage is in addition to your auto or homeowner's policy and applies only in states where Medical Payments Coverage is available coverage."

19.

After stating that it will pay "reasonable medical expenses incurred or bodily injury caused by accident...", Section II of the Policy then states, in capital letters, what expenses are not included as "reasonable medical expenses" under the Policy:

REASONABLE MEDICAL EXPENSES DO NOT INCLUDE EXPENSES:

1.  FOR TREATMENT, SERVICES, PRODUCTS OR PROCEDURES THAT ARE:

    a.  EXPERIMENTAL IN NATURE FOR RESEARCH, OR NOT

PRIMARILY DESIGNED TO SERVE A MEDICAL

PURPOSE; OR

b.      NOT COMMONLY AND CUSTOMARILY RECOGNIZED

THROUGHOUT THE MEDICAL PROFESSION AND

WITHIN THE UNITED STATES AS APPROPRIATE FOR

THE TREATMENT OF THE **BODILY INJURY**; OR

2.      INCURRED FOR:

a.      THE USE OF THERMOGRAPHY OR OTHER

RELATED PROCEDURES OF A SIMILAR NATURE; OR

b.      THE PURCHASE OR RENTAL OF EQUIPMENT NOT

PRIMARILY DESIGNED TO SERVE A MEDICAL

PURPOSE. We have the right to make or obtain a

utilization review of the medical expenses and services to

determine if they are reasonable and necessary for the **bodily**

**injury** sustained.

The **bodily injury** must be discovered and treated within one

year of the date of the accident. (emphasis in original).

*See* Exhibit "A."

20.

While it is not clear what expenses State Farm considers to be "experimental in nature for research, or not primarily designed to secure a medical purpose," or "not commonly and customarily recognized throughout the medical profession and within the United States as appropriate for the treatment of the bodily injury," or "incurred for the use of thermography or other related procedures of a similar nature," or "the purchase of rental of equipment not primarily designed to serve a medical purpose," Plaintiff does not seek to recover any expenses which are specifically and unambiguously excluded from coverage in the subsection of the Policy quoted in Paragraph 19 above.

21.

Following her May 19, 2009 motor vehicle collision, Plaintiff sought and obtained chiropractic care and physical therapy care. Plaintiff incurred medical expenses in the amount of $1,343.00 for chiropractic care provided by Dr. Ann Kosa in Alpharetta, Georgia; $3,510.00 for chiropractic care provided by Fish Family Chiropractic in Roswell, Georgia; and $3,195.00 for physical therapy care provided by Physiotherapy Associates in Atlanta. State Farm paid $1,254.00 of the charges submitted by Dr. Kosa, but then declined to pay the remaining $89.00 of Dr. Kosa's charges and declined to pay any of the charges submitted by  Fish

Family Chiropractic or Physiotherapy Associates, on the basis that the expenses were not "reasonable medical expenses" under the terms of the medical payments section of the Policy.

22.

Plaintiff sustained bodily injury within the meaning of the Policy.  State Farm rejected the majority of Plaintiff's medical payments claim and continues to deny her claim on the basis that "the expenses claimed were not  reasonable medical expenses incurred as a result of bodily injury caused by accident…, for necessary medical, surgical . . ." or other enumerated covered services or devices.

23.

On May 14, 2012, Plaintiff filed a civil action against State Farm to recover her medical payments benefits in the State Court of Cobb County, Georgia, Civil Action No.: 12-A-1738-2 (the "State Action"). State Farm answered Plaintiff's Complaint and denied any further medical payments were owing because it had determined that the medical payments Plaintiff claimed were not "reasonable medical expenses," within the terms of her medical payments coverage.

24.

On December 2, 2013, Plaintiff filed in the State Action, a motion to certify her lawsuit against State Farm as a class action on the basis that State Farm had

denied medical payments coverage to her on the basis of ambiguous policy terms which must be construed in her favor, and in favor of the class she sought to represent, under the applicable rules of contract construction. Specifically, Plaintiff claimed that the Policy term, "reasonable medical expenses," under which State Farm denied coverage to Plaintiff, was ambiguous, and because it was ambiguous, had to be construed strictly against State Farm and in favor of coverage. Plaintiff has since learned that the medical payments section of the Policy is considered to be plain and unambiguous and to unequivocally require State Farm to pay all of Plaintiff's medical expenses which it has declined to pay because it claims the unpaid medical expenses are unreasonable.

25.

On August 28, 2014, the State Court of Cobb County denied Plaintiff's motion to certify her case as a class action. In its Order, the Cobb State Court found that the language of the medical payments provisions of the Policy was consistent with the Georgia statute which provides for medical payments coverage where "the insurer agrees to reimburse the insured and others for reasonable and necessary medical expenses and funeral expenses incurred as a result of bodily injury or death caused by a motor vehicle accident, without regard to the insured's liability for the accident." Because of the Georgia statute, the Cobb State Court

12

found that the medical payments provisions of the Policy were not illusory or ambiguous. The Cobb State Court denied Plaintiff's motion for class certification on the mistaken basis that "whether an insured was properly or improperly denied benefits is highly individualized and would involve an investigation into every insured's claim, the applicable policy language, the underlying accidents, the demands, the timeliness surrounding the claims, the state specific laws applicable to medical payment claims, and every insured's medical history." The Cobb State Court overlooked the common, indeed identical legal issues alleged by Plaintiff in her complaint and motion for class certification. The Cobb State Court failed to recognize that Plaintiff's claim, and the prospective claims on behalf of the putative class for medical payments coverage are based on identical insurance contracts, that each claim was denied by State Farm in violation of the same applicable law, and that under the applicable rules of contract construction, the contract language employed by State Farm to deny coverage on the basis that the insureds medical expenses were not, in its view, "reasonable medical expenses," must be construed so as to provide coverage for all of Plaintiff's medical expenses incurred up to the limitation of liability.  Under Georgia law, the terms of the medical payments section of the Policy are plain and unambiguous and unequivocally require that State Farm pay all of the medical expenses incurred by its insureds up to the

limitation of liability provided for each insured. Plaintiff and each member of the proposed class are entitled to be reimbursed, within the limits of each insured's medical payments coverage, for any covered medical expenses which State Farm denied on the basis that those expenses were not, in State Farm's determination, "reasonable medical expenses."

26.

On March 28, 2017, Plaintiff filed a motion in the State Action requesting that the State Court reconsider its Order denying her motion for class certification and seeking summary judgment.  Plaintiff argued that the Court had denied her class action motion by employing an incorrect legal standard. Plaintiff argued that whether her medical expenses for which she claimed coverage were "reasonable medical expenses" within the terms of the Policy was capable of more than one reasonable construction and was thus ambiguous under Georgia law. Plaintiff argued that under the rules of contract construction, therefore, the Medical Payments provision must be construed strictly against State Farm and in favor of coverage.  This Amended Complaint is to show that the medial payments section of the Policy is construed to be plain and unambiguous under Georgia law, and requires that State Farm pay all of Plaintiff's medical expenses, and those of the proposed class, within each class member's limitation of liability.  See ¶30(d),

<u>infra</u>.

27.

On February 2, 2021, Plaintiff voluntarily dismissed, without prejudice, her Complaint in the State Action, pursuant to O.C.G.A. § 9-11-41. The Cobb State Court had not ruled upon Plaintiff's Motion to Reconsider at the time she voluntarily dismissed the State Action.

**CLASS ACTION ALLEGATIONS**

28.

The allegations of the foregoing paragraphs are incorporated herein as if fully set forth.

29.

Plaintiff respectfully requests that the Court certify this case as a class action.

30.

Pursuant to LR 23.1(a)(2), Plaintiff states the following class action allegations:

**(a)**     The section of Fed. R. Civ. P. 23 which is claimed to authorize maintenance of suit by class action.

A class action as authorized by Fed. R. Civ. 23(b) (3).

**(b)**     The size (or approximate size) and definition of the alleged

class.

> The size of the proposed class is expected to be well over one
> thousand (1,000) State Farm insureds. Pursuant to L.R. 27.1,
> Plaintiff, as the proposed class representative, shows, as pointed
> out in Footnote 1 above, that State Farm advertises that it has
> 44 million automobile insurance policies in place in the United
> States. Although Plaintiff does not at this time know the precise
> number of other State Farm insureds who have been denied the
> same medical payments coverage by State Farm based upon its'
> determination that the medical expenses incurred by those
> insureds were not "reasonable medical expenses" for "
> necessary medical, surgical" or other covered services, Plaintiff
> submits that the size of the proposed class will be far greater
> than that required to maintain a class action. Indeed, the issue
> addressed in this action may come up in every State Farm car
> wreck case in which a State Farm insured is injured and makes
> a claim for medical payments coverage. Limited discovery will
> reveal the exact size of the class.

The class is defined as follows: All State Farm insureds in Georgia, and perhaps insureds in other states to whom State Farm provides or has provided common medical payments insurance coverage, as defined in the Medical Payments Coverage provisions of the Policy, and all third party beneficiaries of such coverage under the terms of the Policy, with respect to whom, within the  applicableperiod  of limitations, State Farm has denied medical payments for medical, surgical, funeral or other covered expenses based upon its determination that the expenses for which coverage was sought, were not "reasonable medical expenses incurred for bodily injury caused by accident," within the term of the medical payments section of the Policy.

(c)     The basis of the named Plaintiff's or plaintiffs' claim to be an adequate representative of the class or, if defendants, the basis of the named defendant's or defendants' claim to be an adequate representative of the class.

Plaintiff is an adequate representative of the class because she has sustained the same harm as have the other members of the proposed class, and through intense legal research and

investigation, has determined that State Farm is liable to Plaintiff and to other State Farm insureds, as a matter of law, who have also had their medicalpayments coverage denied by State Farm on the basis that  the expenses they incurred were not, according to  State  Farm, "reasonable medical expenses incurred for bodily injury caused by accident" within the applicable rules of contract construction.  Plaintiff has no known conflict of interest with any member of the proposed class. Plaintiff will adequately represent the class because if Plaintiff is entitled to recoverher medical expenses that were denied by State Farm, every other member of the proposed class is, for the same legal reason, also entitled to recover his or her medical expenses that have been denied by State Farm on the same basis. Plaintiff has no interest that is antagonistic to the interests of the class. Plaintiff's interests in this matter are completely aligned with those of the class. Plaintiff is represented by experienced counsel who has previously acted as trial counsel in class actions and other complex litigation, and will vigorously represent the interests of the class.  If the Court

determines that a class action is appropriate, counsel will most

likely associate other experienced class action counsel.

**(d)** The alleged questions of law and fact, which are common

among members of the class.

Plaintiff submits that State Farm has knowingly and unlawfully

denied medical payments coverage to her and members of the

proposed class in Georgia (and perhaps elsewhere) on the same

basis, *i.e.,* that the insured's medical expenses were not

"reasonable medical expenses" within the pertinent contractual

language, to-wit: "We will pay reasonable medical expenses

incurred for bodily injury caused by accident, for services

furnished within three years of the date of the accident. These

expenses are for necessary medical, surgical, X-ray, dental,

ambulance, hospital, professional nursing and funeral services,

eyeglasses, hearing aids and prosthetic devices." The issues of

law and fact in this action are not only common and typical

among Plaintiff and the members of the proposed class, but are

identical.  And State Farm is liable to Plaintiff and each

member of the proposed class for the medical expenses  each

have been denied, plus interest, as a matter of law, pursuant to

Travelers Indemnity Co. v. Watson, 11 Ga. App. 98, 140 S.E.

2d 405 (1965).

This action is properly maintained as a class action

pursuant to Rule 23 of the Federal Rules of Civil Procedure in

that State Farm has acted or refused to act on grounds

applicable to all members of the proposed class, thus making

for appropriate relief with respect to the class as a whole.

Specifically, State Farm has denied  medical payments

coverage to Plaintiff and the other members of the class based

upon State Farm's subjective determination that the medical

expenses claimed by each proposed class member were not

"reasonable medical expenses" within the medical payments

terms of the Policy. State Farm may likewise unlawfully deny

such claims in the future. Because the controlling legal issue is

identical for Plaintiff and all class members, a class action is

superior to other avenues of relief.  Limited discovery will

allow for the identity of the class and each proposed class

members' damages.

**(e)**     The allegations necessary to satisfy the criteria of section (b)(1) or (b)(2) of Fed. R. Civ. P. 23 or to support the finding required by section (b)(3) ofFed. R. Civ. P. 23.

> The term "reasonable medical expenses incurred for bodily injury caused by accident . . . for necessary medical, surgical . . ." and other enumerated services is "plain and unambiguous," and "unequivocally" requires that State Farm pay all of Plaintiff's medical expenses, and those of the proposed class, up to the limits of liability provided for each. The Policy does not define "reasonable medical expenses" for "necessary" covered services; does not specify who will make the determination of what medical or other covered expenses are reasonable, or necessary, and does not contain any objective criteria or methodology for making such a determination. As a matter of law, the terms of the medical payments section of the Policy are plain and unambiguous and unequivocally require that State Farm pay all of its insureds' medical expenses up to the limitation of liability provided.  Even if the policy term "reasonable medical expenses" for "necessary medical,

surgical" … or other covered services is found to be ambiguous, it must be construed in favor of coverage, within the limits of coverage, for each member of the class who has incurred medical expenses for bodily injuries caused by accident, and who has been denied medical payments coverage by State Farm based upon its self-serving determination that those insured's medical expenses were not "reasonable medical expenses" under the terms of the medical payments coverage provision set out in paragraph 17 above.

The requirements of Fed. R. Civ. P 23(b)(3) are satisfied: There are no questions of material fact on the issue of liability that are different among the members of the proposed class. All have been unlawfully denied payments for medical expenses by State Farm. The question of law that controls the determination of this action is the same for each class member As a matter of law, the Policy term, "[w]e will pay reasonable medical expenses incurred, for bodily injury caused by accident for services furnished within three years of the date of the accident," is plain and unambiguous and unequivocally requires

that State Farm pay all of its insured's medical expenses up to the limitation of liability provided each proposed class member. Travelers Indemnity Co. v. Watson, supra. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because the legal issue is the same for all members of this class. The claims of the individual members are so small, because of policy limits on medical payments coverage, and because the type of coverage is limited to medical expenses, that individual actions are economically impractical. The insured is at a complete disadvantage because if State Farm decides that a medical expense is not reasonable, and denies coverage, its insureds cannot financially afford to contest that decision. State Farm is obviously aware of the economic disadvantage in which it has placed its insureds by its unlawful use of policy terms to deny medical payments coverage to them. A class action will serve the economies of time, effort, and expense, and will allow for the resolution of significant injustices practiced by State Farm.

31.

The class meets the prerequisites for the maintenance of a class action in that:

(a)     The class is so numerous that joinder of all members is impracticable;

(b)     There are controlling questions of fact and law common, indeed identical, to all members of the class;

(c)     The claims of the representative party are typical of the claims of the proposed class because the claims of Plaintiff arise from the same practice and course of conduct of State Farm in unlawfully interpreting its medical payments coverage that gives rise to the claims of the other class members, and the claims made on behalf of the proposed Class members are based on precisely the same policy language and legal theories as are the claims of Plaintiff, as the representative party; and,

(d)     The representative party and her attorneys will fairly and adequately protect the interests of the class. The Class representative has common interests with the Class members and will vigorously prosecute the interests of the class through qualified counsel.

32.

Plaintiff's counsel has considered the issue of notice to the proposed Class members, which would set forth the subject and nature of the instant action. State Farm's own business records identify the State Farm insureds who have been unlawfully denied medical payments coverage based upon State Farm's determination that the medical expenses for which coverage was sought were not "reasonable medical expenses incurred for bodily injury caused by accident," pursuant to the terms of the medical payments section of the Policy. Those records can be utilized for providing notice. There exists a clearly ascertainable Class that can be easily determined from State Farm's business records. Indeed, State Farm should be required to identify each of its' insureds who have been denied medical payment coverage on the basis stated herein, and provide appropriate notice to them at its own expense because of its clear violation of the law governing the Policy by denying medical payments coverage to those insureds.

33.

The question of law common, indeed identical, to the class is:

(a)     Whether it is lawful for State Farm to deny or limit medical payments benefits based upon its determination that the expenses incurred by its insureds were not "reasonable medical expenses incurred for bodily

injury caused by accident" …  for "necessary medical, surgical …" or other enumerated services, within the terms of the medical payments section of the Policy?

(b)     Whether State Farm's conduct, if unlawful, has damaged Plaintiff and other Class members by having denied them contractual medical payments coverage;

(c)     Whether a declaratory judgment should be entered declaring State Farm's conduct unlawful, in the event it is still engaging in the alleged unlawful practice;

(d)     Whether State Farm should be enjoined from such further unlawful conduct if it is still occurring;

(e)     In what amount are Plaintiff and the Class members  entitled to recover for having been unlawfully denied medical payments benefits, which is a liquidated matter of record for each class member and maintained by State Farm;

(f)     Whether State Farm is liable for other costs, including interest and attorney fees, as provided by law;

(g)     Whether State Farm is liable for damages for violations of its covenant of good faith and fair dealing?.

34.

A class action is superior to individualized actions, not only because individual actions are not economically feasible, a fact well known to State Farm, but because the controlling issue of law is the same for each member of the proposed class. As a matter of law, State Farm was unequivocally bound to pay all of its insureds' medical expenses up to the limitation of liability provided each insured. Plaintiff and, therefore, each other class member entitled to recover the medical expenses she or he incurred, within the limits of each insured's coverage, plus legal interest. As a matter of contract law, a determination in favor of the Plaintiff is a determination in favor of each and every other class member.

## COUNT I:  BREACH OF CONTRACT

35.

The allegations of the foregoing paragraphs are incorporated herein as if fully set forth.

36.

State Farm breached the plain and unambiguous terms of the Policy by denying or limiting medical payments claims by its insureds based upon its subjective, self-serving determinations that such claims were not, "reasonable medical expense incurred for bodily injury caused by accident" …  for "necessary

medical, surgical" or other covered services or devices incurred as a result of bodily injury caused by an accident.

37.

State Farm is liable to Plaintiff and each member of the class for the amount of medical expenses that have been denied each of them on the basis that their otherwise covered medical expenses were not "reasonable medical expenses" for "necessary medical, surgical" or other covered services, plus legal interest from the dates each insured's claim was denied.

<strong>COUNT II:  BREACH OF PRIVATE DUTY</strong>

38.

The allegations of the foregoing paragraphs are incorporated herein as if fully set forth.

39.

O.C.G.A. § 51-1-8 provides: "Private duties may arise from statute or from relations created by contract, express or implied. The violation of a private duty, accompanied by damage, shall give a right of action."

40.

The policies State Farm issued to Plaintiff and the other Class members created in State Farm a private duty to pay legitimate claims for medical expenses

incurred as a result of bodily injury. If State Farm had an issue with whether the medical, surgical, or other covered expenses submitted for medical payments coverage were reasonable, it had a legal duty under Georgia law to pay the expenses, State Farm breached its private duty by denying or limiting legitimate medical payments claims made by Plaintiff and the other Class member based upon State Farm's subjective and self-serving determinations that such claims were not "reasonable medical expenses" for "necessary medical, surgical" or other covered services incurred as a result of bodily injury caused by accident.

41.

State Farm is liable to Plaintiff and the class for having violated its private duty to act in the interests of its insureds in providing medical payments coverage to them.

## COUNT III: BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

42.

The allegations of the foregoing paragraphs are incorporated herein as if fully set forth.

43.

Under Georgia law, and elsewhere, every contract imposes upon each party, a duty of good faith and fair dealing in the performance of their respective duties

and obligations under the contract.

44.

State Farm is liable to Plaintiff and the class for having violated its duty of good faith and fair dealing to act in the interests of its insureds in providing medical payments coverage to them.

45.

State Farm breached its duty of good faith and fair dealing by denying or limiting legitimate medical payments claims made by Plaintiff and the other Class member based upon State Farm's subjective and self-serving determination that such claims were not "reasonable medical expenses" for "necessary medical, surgical" or other covered services incurred as a result of bodily injury caused by accident.

46.

State Farm had a duty to exercise good faith and to deal fairly with Plaintiff and with its other insureds under the medical payments provisions of their respective, applicable State Farm policies by paying its insureds their reasonable medical expenses as provided by the policies.

47.

State Farm, however, breached its duty of good faith and fair dealing by

denying coverage for medical expenses incurred by Plaintiff, and other members of the putative class, for treatment of bodily injuries caused by an automobile accident, which fell within the terms of the medical payments coverage section of the Policy.

48.

Indeed, for State Farm to interpret its medical payments coverage provisions to deny medical payments coverage to its insured based on its determination that the expense was not a reasonable medical expense created a conflict of interest for State Farm, and thus amounted to bad faith.

## DEMAND FOR RELIEF

WHEREFORE Plaintiff requests, on behalf of herself and the putative class, that this Court certify this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, appoint Plaintiff as Class representative, and appoint the undersigned counsel as counsel for the class. Plaintiff further requests that judgment be entered in favor of her and the class and against State Farm, including, without limitation, the following:

i.   A judgment rendering State Farm liable to Plaintiff and the class for its unlawful denial of its insureds' medical payments claims on the basis that the expenses incurred were not "reasonable medical expense

31

incurred for bodily injury caused by accident …";

ii.    A judgment against State Farm in excess of five million dollars
       ($5,000,000.00) for the medical expenses it has unlawfully, and in
       breach of its insurance contract, declined its insureds on  the basis that
       their medical and other covered expenses were not "reasonable
       medical expenses incurred for bodily injury caused by accident" …
       for "necessary medical, surgical" or other covered services or devices;

iii.   Punitive damages in an amount sufficient to punish State Farm and
       deter it from committing similar acts of wrongdoing in the future;

iv.    Pre and post-judgment interest, applicable fines, penalties, and costs
       allowed by law;

v.     Any other damages available to Plaintiff and the proposed class which
       the evidence may justify; and,

vi.    For any and all other relief allowed by law or equity, including an
       award of attorney fees, and such other and further relief as this Court
       may deem appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff herewith demands a trial by jury as to all issues to which the right to

trial by jury is afforded. However, Plaintiff respectfully submits  that  the

controlling issue in this action is one of law in that the terms of the medical payments provisions of the applicable policies relating to the payment of medical expenses are plain and unambiguous and unequivocally require that State Farm pay all of its insured medical expenses up to the limits of each insured medical payments coverage.  <u>Travelers Indemnity Co. v. Watson</u>, 111 Ga. App. 98, 140 S.E. 2d 405 (1965). Even if found to be ambiguous, however, the term must be construed strictly against State Farm and liberally in favor of coverage, thus requiring State Farm, as a matter of law, to reimburse Plaintiff and the proposed class for all of their medical expenses which have been denied by State  Farm on the basis that the medical expenses incurred were not reasonable medical expenses. The issue of liability may be determined by the Court in a single adjudication for all concerned. Remaining issues such as bad faith, punitive damages and other common issues which may arise should be determined by a jury.

[THIS SPACE INTENTIONALLY LEFT BLANK.]

Respectfully submitted this 28th day of July, 2023.

/s/ James L. Ford, Sr.
James L. Ford, Sr.
Georgia Bar No. 268050
*Attorney for Plaintiff*

James Lee Ford, PC
3330 Cumberland Boulevard
Suite 600
Atlanta, Georgia 30339
P: 678-281-8750
F: 404-446-9377
jlf@jlfordlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed **AMENDED COMPLAINT - CLASS ACTION** with the Clerk of the United States District Court, Northern District of Georgia, Atlanta Division using the Court's CM/ECF system which will automatically send notification of such filings to the counsel of record, and a copy of the foregoing is provided to counsel of record via e-mail as follows:

Daniel F. Diffley
dan.diffley@alston.com
Melissa G. Quintana
melissa.quintana@alston.com
Alston & Bird
One Atlantic Center
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309-3424

Dated:  July 28, 2023.

Respectfully Submitted,

*/S/ James L. Ford, Sr.*
James L. Ford, Sr.
Georgia Bar No. 268050
Attorney for Plaintiff

James Lee Ford, PC
3330 Cumberland Boulevard
Suite 600
Atlanta, Georgia 30339
T: 678-281-8750
F: 404-446-9377
jlf@jlfordlaw.com